OPINION
{¶ 1} Defendant-appellant Scott A. Draper appeals his conviction entered by the Mount Vernon Municipal Court, on one count of operating a vehicle under the influence and on one count of failure to use reasonable control. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 30, 2004, appellant was involved in a one-vehicle automobile accident at the intersection of North Liberty Road and Old Mansfield Road in Knox County, Ohio. Trooper Reggie Streicher responded to the scene of the accident. When the trooper arrived, paramedics were attending to appellant. The paramedics released appellant after appellant declined further treatment and refused transportation to the hospital.
 {¶ 3} Trooper Streicher testified at trial, upon initial contact with appellant, he noticed a very strong odor of alcoholic beverage. He also noted appellant had difficulty walking and maintaining balance. Trooper Streicher then attempted to conduct a HGN test on appellant. However, appellant was unable to complete the test, as he lost his balance and almost fell over several times. The trooper placed appellant under arrest and transported him to the county jail.
 {¶ 4} During the ride, appellant repeatedly asked the trooper where they were going, and requested Trooper Streicher take him home. Appellant passed out in the cruiser. At the jail, Trooper Streicher had to physically hold up appellant to prevent appellant from falling over. Trooper Streicher testified he read the BMV 2255 form to appellant, but appellant refused the breath test.
 {¶ 5} Prior to trial, the State filed a motion in limine, requesting appellant's hospital records not be admitted at trial. The trial court heard the motion prior to the commencement of trial. The trial court granted the motion.
 {¶ 6} The jury found appellant guilty on the operating a vehicle under the influence, and the trial court found appellant guilty of failing to use reasonable control. The court dismissed a no seatbelt violation.
 {¶ 7} The trial court imposed a sentence of 360 days in the Knox County Jail, fined appellant $2,500, plus court costs, and ordered appellant serve five years community control. The court also suspended appellant's operator's license for a period of ten years.
 {¶ 8} Appellant now appeals, assigning as error:
 {¶ 9} "I. THE TRIAL COURT ERRED BY DENYING THE DEFENDANT'S MOTION FOR A MISTRIAL FOLLOWING THE TESTIMONY BY TROOPER STREICHER THAT THE DEFENDANT HAD FIVE PRIOR CONVICTIONS.
 {¶ 10} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO ADMIT MR. DRAPER'S MEDICAL RECORDS PERTAINING TO HIS ADMISSION TO THE MORROW COUNTY HOSPITAL ON DECEMBER 1, 2004."
 I {¶ 11} In his first assignment of error, appellant maintains the trial court erred in denying his motion for a mistrial.
 {¶ 12} The grant or denial of a mistrial rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 182. Moreover, mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible. State v. Franklin (1991), 62 Ohio St.3d 118. "An appellate court will not disturb the exercise of that discretion absent a showing that the accused has suffered material prejudice." Sage, supra at 182.
 {¶ 13} During the State's direct examination of Trooper Streicher, the prosecutor asked the trooper to read the instructions on the BMV 2255 form. Trooper Steicher responded: "`You are now requested to submit to a chemical test to determine the concentration of alcohol, a drug, or a combination of them in your blood, breath, or urine.' That's the actual portion that I read to him out loud, and then I always advised them of the consequences at the very bottom of the form. At the very bottom of the form, it goes over prior convictions, and at this point, I had already checked through dispatch, as it's customary to do, so you know what to read them, and Mr. Draper had five prior convictions —"
 {¶ 14} Tr. at 104-105.
 {¶ 15} Defense counsel objected. The trial court sustained the objection. At the conclusion of the trooper's direct examination and out of the presence of the jury, defense counsel moved for a mistrial based upon testimony regarding the prior convictions. The trial court overruled the motion, but offered to give a limiting instruction. Defense counsel declined the offer, commenting the instruction would be more prejudicial.
 {¶ 16} Upon review of the entire record, we find no "material prejudice". Trooper Streicher's comment was fleeting and entirely unsolicited by the State. Considering the comment in light of the overwhelming evidence adduced at trial, we conclude appellant did not suffer any material prejudice; therefore, the trial court did not abuse its discretion in denying his motion for a mistrial. See, State v. Cobbins, Cuyahoga App. No. 82510, 2004-Ohio-3736.
 {¶ 17} Appellant's first assignment of error is overruled.
 II {¶ 18} In his second assignment of error, appellant contends the trial court erred in granting the State's motion in limine. Prior to the commencement of trial, the State filed a motion in limine, requesting appellant's hospital records from a December 2, 2004 visit, be excluded at trial. The trial court granted the motion, concluding the information contained therein regarding injuries appellant sustained from a fall would be confusing to the jury.
 {¶ 19} A motion in limine is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of an evidentiary issue. State v. Grubb
(1986), 28 Ohio St.3d 199, 200-201. The established rule in Ohio is the grant or denial of a motion in limine is not a ruling on the evidence. Id. The ruling is preliminary and thereby requires the parties to raise specific evidentiary objections at trial in order to permit the trial court to consider the admissibility of the evidence in its actual context. Id. "At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." Id. at 203. Failure to proffer the evidence waives the right to appeal the granting of the motion. Id.
 {¶ 20} Upon review of the record, we find appellant failed to proffer or otherwise seek to offer the hospital records at trial. Accordingly, we find appellant waived any error.
 {¶ 21} Appellant's second assignment of error is overruled.
 {¶ 22} The judgment of the Mount Vernon Municipal Court is affirmed.
Hoffman, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court is affirmed. Costs assessed to appellant.