[Cite as *State v. Carpenter*, 2021-Ohio-821.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 20-CA-11 |
| | : | |
| JEFFREY P. CARPENTER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Licking County Court of
                               Common Pleas, Case No. 19 CR 802


JUDGMENT:                      AFFIRMED


DATE OF JUDGMENT ENTRY:        March 17, 2021


APPEARANCES:


For Plaintiff-Appellee:                   For Defendant-Appellant:

WILLIAM C. HAYES                          JAMES A. ANZELMO
LICKING COUNTY PROSECUTOR                 446 Howland Drive
PAULA M. SAWYERS                          Gahanna, OH 43230
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Jeffrey P. Carpenter appeals from the January 9, 2020 Judgment Entry of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose on August 2, 2019 when appellant sold 1.285 grams of methamphetamine to a confidential informant during a controlled buy.

{¶3} Jarrod Conley is an agent with the Central Ohio Drug Enforcement Task Force. On August 2, 2019, one of his confidential informants called him and claimed he could buy an ounce of methamphetamine from appellant. Conley had worked with this informant in the past. Customarily, an informant contacts law enforcement because they know someone they can buy drugs from. Sometimes informants have their own criminal charges pending or they are compensated for their efforts. In this case, Conley's informant would be paid if he made a successful buy. There was no offer to help the informant with any pending criminal charges. The informant knew appellant because they had been in jail together. The informant cited his own drug addiction as his reason for cooperating with law enforcement against drug dealers.

{¶4} Conley described the protocol for a controlled buy. The informant provides the target, and a transaction is arranged between informant and target in a recorded phone call. Agents meet the informant at a secure location and thoroughly search him or her to ensure they have no contraband on their person. The informant is fitted with multiple recording devices and at least one transmits the conversation in real time as agents listen. The informant is given "safe words" to use if they need agents to intervene. The informant is provided with an amount of cash which has been photocopied or

otherwise had the serial numbers recorded. The informant is transported to a location near the buy. After the buy is accomplished, the informant is transported back to the secure location and searched again; the purchased drugs are seized and the informant makes oral and written statements regarding what happened throughout the transaction.

{¶5} The protocol was followed in the instant case. The informant called Conley in the morning and said he could buy an ounce of methamphetamine from appellant. That day, he was searched, fitted with two recording devices, and given photocopied money. Conley transported the informant to the buy location and dropped him off near appellant's house. Another agent, Detective Boerstler, monitored the informant as he approached the house.

{¶6} The informant was in the house for "quite a while" in Conley's estimation. Although he planned to buy an ounce of methamphetamine from appellant, he settled for less because he would have had to wait for a delivery of more drugs. The transmitting device malfunctioned and stopped recording before the transaction was completed but a separate audio recorder picked up the entire conversation.

{¶7} Conley met the appellant after the buy and transported him to the secure location to be searched. The informant turned over 1.285 grams of methamphetamine, packaged in three separate plastic bags, which he purchased with a portion of the money he was given. This was less than the one-ounce amount discussed. The informant therefore had cash remaining which he returned to Conley. The methamphetamine was confiscated and sent to the crime lab.

{¶8} The informant was compensated for his role in the controlled buy. Appellant was not approached by law enforcement until around three months after the transaction to protect the informant's identity.

{¶9} The informant testified at trial and corroborated Conley's testimony. He contacted Conley regarding a buy from appellant. Conley searched him, gave him money and recording devices, and dropped him off near appellant's residence. The informant bought less than an ounce of methamphetamine from appellant, which he measured on scales he brought with him. After the transaction, he gave the drugs and remaining cash to Conley, was searched again, and provided a statement about the purchase.

{¶10} Detective Boerstler also testified for appellee, explaining this was Conley's informant and Conley "handled" him. Boerstler's role was to follow him and take a separate position allowing him to watch the residence while the transaction took place.

{¶11} The parties stipulated to the testimony of appellee's expert in forensic drug testing. The test results indicated the substance was 1.285 grams of methamphetamine, a Schedule II substance.

{¶12} Appellant was charged by indictment with one count of aggravated trafficking in methamphetamine pursuant to R.C. 2925.03(A)(1)(C)(1)(a), a felony of the fourth degree. Appellant entered a plea of not guilty and the matter proceeded to trial by jury. Appellant was found guilty as charged and was sentenced to a prison term of 18 months.

{¶13} Appellant now appeals from the January 9, 2020 Judgment Entry of conviction and sentence of the Licking County Court of Common Pleas.

{¶14} Appellant raises five assignments of error:

## ASSIGNMENTS OF ERROR

{¶15} "I. THE TRIAL COURT ERRED BY RULING, SUA SPONTE, THAT EVIDENCE OF AN INFORMANT'S CRIMINAL CHARGE WAS INADMISSIBLE, IN VIOLATION OF CARPENTER'S RIGHT TO DUE PROCESS, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION, AND HIS RIGHT TO A FAIR TRIAL, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶16} "II. THE TRIAL COURT PLAINLY ERRED BY NOT PROVIDING A JURY INSTRUCTION ON WHAT THE BULK AMOUNT IS FOR METHAMPHETAMINE, IN VIOLATION OF CARPENTER'S RIGHT TO DUE PROCESS, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION, AND HIS RIGHT TO A FAIR TRIAL, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶17} "III. CARPENTER'S CONVICTION IS BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶18} "IV. CARPENTER'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH

AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶19} "V. CARPENTER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

I.

{¶20} In his first assignment of error, appellant argues the trial court should not have ruled, sua sponte, that the informant's pending misdemeanor charge of drug paraphernalia was inadmissible. We disagree.

{¶21} Upon cross-examination, the informant acknowledged he was recently jailed for a drug paraphernalia offense and appellant was briefly jailed with him. Sua sponte, the trial court called the parties to the bench and ruled that testimony regarding the informant's misdemeanor charge was inadmissible. The trial court did not strike the testimony from the record or instruct the jury to disregard the testimony.

{¶22} Appellant argues the trial court's sua sponte "objection" denied him the opportunity to present a complete defense. Having reviewed the trial court's reasons for excluding the evidence, however, we agree that testimony regarding a misdemeanor drug paraphernalia charge was not admissible for impeachment purposes. Evid.R. 404(B); Evid.R. 609.

{¶23} Appellant cites *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, at ¶ 104, in support of his argument that a witness's pending charges

may be admissible to prove bias. However, we note *Drummond* concludes that any error in the trial court's decision denying cross-examination is harmless error. *Id.,* ¶ 105.

{¶24} Appellant asserts the trial court's "objection" rose to the level of plain error because defense trial counsel failed to object to the ruling. Plain error under Crim.R. 52(B) consists of an obvious error or defect in the trial proceedings that affects a substantial right. *State v. Lindsey,* 87 Ohio St.3d 479, 482, 721 N.E.2d 995 (2000). Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The rule places several limitations on a reviewing court's determination to correct an error despite the absence of timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," that is, an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial." *State v. Dunn*, 5th Dist. No. 2008-CA-00137, 2009-Ohio-1688, 2009 WL 943968, internal citation omitted. The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶25} In the instant case, the exclusion of the informant's testimony about his own pending misdemeanor drug paraphernalia charge did not affect appellant's substantial rights. The informant was an admitted drug addict who knew appellant from jail and "the streets." No evidence exists that the status of the criminal charge was affected by the informant's testimony.

{¶26} Decisions regarding the admissibility of evidence at trial are within the broad discretion of the trial court and will be upheld absent an abuse of discretion and material prejudice. *State v. Lang,* 129 Ohio St.3d 512, 2011–Ohio–4215, 954 N.E.2d 596, ¶ 86. Considering the limited usefulness and fleeting nature of the drug-paraphernalia testimony, we conclude the trial court did not abuse its discretion in denying the cross-examination and appellant did not suffer any material prejudice. See, *State v. Whitman*, 5th Dist. Stark No. 2017CA00079, 2018-Ohio-2924, ¶ 77, citing *State v. Draper*, 5th Dist. Knox No. 05-CA-17, 2006-Ohio-2396, ¶ 16.

{¶27} Appellant's first assignment of error is overruled.

II.

{¶28} In his second assignment of error, appellant argues the trial court erred in failing to instruct the jury upon the bulk amount for methamphetamine. We disagree.

{¶29} Jury instructions are within the sound discretion of the trial court, and the court's decision will not be disturbed on appeal absent an abuse of discretion. *State v. DeMastry*, 155 Ohio App.3d 110, 2003–Ohio–5588, 799 N.E.2d 229 (5th Dist.), ¶ 54, citing *State v. Musgrave*, 5th Dist. Knox No. 98CA10, 2000 WL 502688 (April 24, 2000), and *State v. Martens*, 90 Ohio App.3d 338, 629 N.E.2d 462 (3rd Dist.1993). Jury instructions must be reviewed as a whole. *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988).

{¶30} Neither party objected to the jury instructions in the instant case. Crim.R. 30 provides that a party must object to an omission in the court's instructions to the jury in order to preserve the error for appeal. "A criminal defendant has a right to expect that the trial court will give complete jury instructions on all issues raised by the evidence."

*State v. Williford*, 49 Ohio St.3d 247, 251–252, 551 N.E.2d 1279 (1990). (Citations omitted). If an objection is not made in accordance with Crim.R. 30, or the defendant fails to submit a required written jury instruction, Crim.R. 52(B), the plain error doctrine, applies. *State v. Dorsey*, 5th Dist. Stark No. 2014CA00217, 2015–Ohio–4659, ¶ 61, citing *Williford, supra*, and *State v. Gideons*, 52 Ohio App.2d 70, 368 N.E.2d 67(8th Dist.1977).

{¶31} Appellant also concedes he did not request orally or in writing the bulk-amount instruction he now contends should have been given. Accordingly, our review of the alleged error must proceed under the plain error rule of Crim. R. 52(B). *Dorsey*, supra, at ¶ 64; *State v. Mowls*, 5th Dist. Stark No. 2017CA00019, 2017-Ohio-8712, ¶ 22.

{¶32} Failure to properly instruct a jury is not in most instances structural error, thus the harmless-error rule of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) applies; failure to properly instruct the jury does not necessarily render a trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. *State v. Bleigh*, 5th Dist. Delaware No. 09-CAA-03-0031, 2010-Ohio-1182, 2010 WL 1076253, ¶ 119, citing *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

{¶33} Appellant does not explain how the outcome of the trial would have been different if such an instruction had been given. He was charged with one count of aggravated drug trafficking (methamphetamine) pursuant to R.C. 2925.03(A)(1)(C)(1)(a), which prohibits selling or offering to sell methamphetamine, a Schedule II controlled substance, in an amount "less than bulk." The "bulk amount" of methamphetamine means an amount equal to or exceeding three grams. R.C. 2925.01(D)(1)(g). Appellant was

thus charged with selling less than three grams of methamphetamine. The jury was instructed in pertinent part:

> * * * *.

> The Defendant is charged with aggravated trafficking in drugs (methamphetamine), in violation of Ohio Revised Code Section 2925.03(A)(1)(C)(1)(a). Before you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about the 2nd day of August, 2019, and in Licking County, Ohio, the Defendant knowingly sold or offered to sell methamphetamine, a Schedule II controlled substance, and the amount of the drug equals or is less than the bulk amount.

> * * * *.

{¶34} This language mirrors that of the jury instruction for aggravated drug trafficking found at 2 Ohio Jury Instructions CR 525.03. The comment to that pattern instruction states in pertinent part:

> * * * *.

> R.C. 2925.03(C) establishes a sentencing scheme whereby the degree of the offense is determined by the amount of the controlled substance sold or offered for sale. The amount is expressed in terms of "bulk amount," grams, or unit doses depending on the identity of the controlled substance involved. In accordance with R.C. 2925.03(E) and R.C. 2945.75, if the amount of the controlled substance involved increases the degree of the offense,

the jury (or the trial judge in a non-jury trial) must determine the amount of the controlled substance involved at the time of the offense and, if a guilty verdict is returned, shall return the findings as part of the verdict.

* * * *.

{¶35} In the instant case, appellant was charged with selling less than the bulk amount, therefore the finder of fact was not required to make any finding regarding the amount of methamphetamine sold.

{¶36} Appellant cites *State v. Chaffin*, 4th Dist. Scioto No. 1523, 1985 WL 11149, at *3, in support of his argument that an instruction on "bulk amount" is required. However, the defendant in *Chaffin* was charged with aggravated drug trafficking "in an amount greater than bulk but less than three times the bulk amount;" the bulk amount was therefore relevant to the jury's findings. Moreover, the conclusion reached in *Chaffin* is that the bulk amount is a matter of law upon which the trial court must instruct the jury, not an evidentiary issue that a witness must testify to. *Id.* We therefore do not find *Chaffin* helpful in the instant case.

{¶37} We find the trial court did not commit plain error in failing to instruct the jury upon the bulk amount of methamphetamine when appellant was charged with selling less than three grams. Appellant's second assignment of error is overruled.

III., IV.

{¶38} Appellant's third and fourth assignments of error are related and will be considered together. Appellant argues his conviction upon one count of aggravated drug

trafficking is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.

{¶39} The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), in which the Court distinguished between "sufficiency of the evidence" and "manifest weight of the evidence," finding that these concepts differ both qualitatively and quantitatively. *Id.* at 386. The Court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. *Id.* at 386–387. "In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25. The Court noted that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. *Thompkins*, supra at 387. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.*, citing *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

{¶40} In a test for sufficiency, "'the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (Emphasis sic.) *State v. Stallings*, 89 Ohio St.3d 280, 289, 731 N.E.2d 159, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A sufficiency challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict

as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, at ¶ 219. Evaluation of the witnesses' credibility is not relevant to a sufficiency analysis. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, at ¶ 79.

{¶41} By contrast, to evaluate a manifest-weight claim, a court must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, at ¶ 328. The court must decide whether "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.'" *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶42} In the instant case, appellant was convicted of one count of aggravated drug trafficking which required appellee to prove he knowingly sold or offered to sell methamphetamine. Appellant asserts that the informant's testimony was uncorroborated and insufficient to prove he was the person who sold the drugs. The informant was compensated for his role in the transaction, which appellant argues lessens his credibility.

{¶43} We note that Agent Conley testified the informant is reliable and his information has been used in the past. The informant told Conley he could make a buy from appellant and accomplished the task, although he purchased less methamphetamine than he asked for. Appellant points to the difference in the weight of the methamphetamine between the crime lab report (1.285 grams) and the informant's testimony about the weight observed on his own scales during the transaction (1.8 grams). Appellee noted at trial the crime lab weighed the substance without the packaging. When the informant weighed it, it was packaged in three separate plastic bags.

{¶44} The jury could reasonably believe the testimony of the informant. Two agents of the CODE task force controlled his movements throughout the transaction. Both agents testified they followed their standard protocol. The informant entered the residence with appellant and came out with methamphetamine as discussed in a prerecorded telephone call. There is no evidence that anyone other than appellant sold the methamphetamine.

{¶45} Appellant's argument rests upon his assertion that the informant was not credible, but the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79.

{¶46} Appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence.

V.

{¶47} In his fifth assignment of error, appellant summarily argues he received ineffective assistance of defense trial counsel because of the alleged assignments of error supra. We have overruled each of those assignments of error and therefore find appellant did not receive ineffective assistance of counsel.

{¶48} Appellant's fifth assignment of error is overruled.

## CONCLUSION

{¶49} Appellant's five assignments of error are overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.