[Cite as *State v. Powell*, 2022-Ohio-2506.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2021CA0017 |
| | : | |
| SHANNON POWELL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Coshocton County
                                  Court of Common Pleas, Case No. 21
                                  CR 0006


JUDGMENT:                         AFFIRMED


DATE OF JUDGMENT ENTRY:           July 21, 2022


APPEARANCES:

For Plaintiff-Appellee:                      For Defendant-Appellant:

JASON GIVEN                                  GEORGE URBAN
COSHOCTON COUNTY PROSECUTOR                  111 Second St. NW Suite 302
                                             Canton, OH 44702
CHRISTIE M. L. THORNSELY
318 Chestnut St.
Coshocton, OH 43812

*Delaney, J.*

{¶1} Defendant-Appellant Shannon Powell appeals her June 1, 2021 conviction and sentence by the Coshocton County Court of Common Pleas.

### FACTS AND PROCEDURAL HISTORY

### Indictment

{¶2} On January 19, 2021, the Coshocton County Grand Jury indicted Defendant-Appellant Shannon Powell on two charges: (1) one count of aggravated trafficking in drugs, a fourth-degree felony in violation of R.C. 2925.03(A)(1) and 2925.03(C)(1)(a), and (2) one count of trafficking in cocaine, a fifth-degree felony in violation of R.C. 2925.03(A)(1) and 2925.03(C)(4)(a). Powell entered a not guilty plea to the charges.

### Pre-Trial Conference

{¶3} The trial court held a pre-trial conference with the Plaintiff-Appellee State of Ohio and Powell on April 19, 2021, where it was going to discuss two of Powell's pending criminal cases before the trial court, Case Nos. 20-CR-0136 and 21-CR-0006. (T. 2). The trial court stated that the sentencing hearing scheduled for Case No. 20-CR-0136 was not going forward and instead, the trial court held a pre-trial conference on only Case No. 21-CR-0006. (T. 2). It put on the record the matters discussed at the pre-trial conference to create a pre-trial memorandum. (T. 2). At the conference, the trial court made the following statement:

> The other issue we went over is a possible resolution to this case. Now, I
> ordinarily don't do this, because I don't want anyone to get an idea that the
> court has a particular impression of this case * * *. I'm just going to do this

because I know that often defendants like to have some certainty. And based on the pre-sentence investigation I have available in 20-CR-0136, if the defendant pleads guilty to the two counts contained in the indictment in the '21 case, the court will sentence the defendant to 17 months' [sic] incarceration in a state prison on Count 1 and then 11 months on Count 2 to run concurrently, and that will be concurrent with the possession charge – for the possession charges, again, felonies of the fifth degree, in the 20-136 case, with credit for time served being the same as the 20-136 case.

* * *

Okay. Again, Ms. Powell, please don't take that as an indication how I view this case. Under no circumstances do I even understand the merits of this case, basically  what it is. I don't know their evidence. And, under no circumstances should you view this as the court pressing you to take some type of a deal. That's not the situation here. I just want to let you know if you plead guilty as charged in the '21 case what the sentence you will receive.

(T. 5-6).

**Jury Trial**

{¶4} The jury trial went forward on May 20, 2021 and May 21, 2021. Before trial commenced, the trial court reviewed the State's plea offer. The State recommended that Powell plea as charged to the two counts contained in the indictment. (T. 7). In exchange for that plea, the State had agreed not to indict her on a case that was under investigation and pending indictment for conveyance of illegal drugs onto the grounds of a government

facility and two counts of possession based on that conduct. (T. 7). Powell rejected the offer, and the State withdrew the offer. (T. 7).

{¶5} The following facts were adduced from the trial.

**Confidential Informant**

{¶6} On October 4, 2020, Detective Dave Stone with the Coshocton County Sheriff's Department entered into a contract with Michael Berry (hereinafter "CI") to act as a confidential informant for the Coshocton County Sheriff's Department. The CI had received a conveyance charge for bringing drugs into the Coshocton County Justice Center. The contract stated that if the CI made two controlled purchases of drugs from three individuals, the conveyance charge would be dismissed.

{¶7} The terms of the contract also prohibited the CI from using drugs. Det. Stone testified that term is common to all CI contracts, but that term is not generally followed because they are working with drug users and asking them to purchase drugs from drug dealers. Det. Stone would terminate the contract if the CI appeared to be under the influence at the time of the controlled buy. The CI admitted that he used drugs during his contract, but Det. Stone stated the CI did not appear to be under the influence when he worked with him.

**November 4, 2020 Controlled Buy**

{¶8} On November 4, 2020, the CI arranged to make a controlled purchase of methamphetamine from Powell at her residence. The CI knew Powell because they were "drug friends." Det. Stone met with the CI prior to the controlled purchase. Det. Stone searched the CI for contraband and drugs, and he did not find anything to confiscate. The

CI was fitted with a wire for audio and video recording. He was given $60 to purchase the methamphetamine. Det. Stone dropped the CI off at a location near Powell's residence.

{¶9} While the CI was equipped with both audio and visual recording devices, Det. Stone could not see, in real time, what was occurring with the CI. Det. Stone, however, could hear what was happening.

{¶10} The video of the November 4, 2020 controlled purchase was played for the jury. When the CI arrived at Powell's residence, he knocked on the door, announced himself, and entered the residence. Det. Stone heard a female voice on the recording device and recognized the voice as Powell's. She was heard offering to sell the CI a ball, 3.5 grams of methamphetamine, for $125. The video showed Powell holding the $60 from the CI. The video showed Powell reaching into her shirt, pulling out a small, clear zip lock baggie with a club pattern, and handing the baggie to the CI.

{¶11} The CI left the residence and met with Det. Stone. The CI was searched and Det. Stone retrieved a small, clear zip lock baggie with a club pattern but did not find the $60 in cash given to the CI for the controlled purchase. The baggie was sent to the Central Ohio Regional Crime Lab for testing, where it was determined to contain 0.932 grams of methamphetamine, a Schedule II controlled substance.

### November 20, 2020 Controlled Buy

{¶12} Det. Stone conducted a second controlled purchase with the CI and Powell on November 20, 2020. The CI arranged with Powell to purchase "fetty," a mixture of heroin and fentanyl. The CI was riding his bicycle when he met with Det. Stone, who searched the CI, wired him, and gave him $40.

{¶13} The CI had to ride his bike a few blocks before he located Powell and then met her at her residence. There was another woman with Powell at the residence when the CI arrived. Det. Stone recognized Powell's voice on the recording. The CI was heard saying, "peso wants a 30 in cream." The CI explained that he wanted $30 worth of methamphetamine, but Powell stated he would have to wait because she did not have that right then. The video showed Powell separating drugs with a blue straw but did not show Powell handing the drugs to the CI. At some points in the video recording, the image went black. The CI testified that Powell took his money and handed him the drugs. The CI left the residence after six minutes, met with Det. Stone and was searched. Det. Stone found a baggie containing drugs and did not find the money provided to the CI. The baggie was sent to the Central Ohio Regional Crime Lab and determined to contain 0.143 grams of a mixture of fentanyl, cocaine, para-fluorofentanyl, and tramadol. Fentanyl and cocaine are Schedule II substances. Para-fluorofentanyl is a Schedule I controlled substance. Tramadol is a Schedule IV controlled substance.

{¶14} At the conclusion of the State's evidence, Powell moved to dismiss pursuant to Crim.R. 29. The trial court denied the motion. Powell did not present any evidence and rested.

## Jury Instructions

{¶15} At the conclusion of the evidence, the trial court reviewed the jury instructions with the parties. The trial court stated it was taking out the weight instruction for bulk amount. (T. 166). Powell proposed a jury instruction regarding the CI. She requested the trial court consider an unindicted co-conspirator instruction because the CI was getting a favor for his testimony by which he had a pending conveyance charge that

would be dismissed. (T. 167). Powell argued it was appropriate to instruct the jury that the CI's testimony could be weighed with grave suspicion like an unindicted co-conspirator. (T. 167). The State responded that it was not aware of any case law supporting the argument that the jury should be instructed to consider a CI as a co-conspirator. (T. 168). Because the CI did not commit an offense, the trial court found the CI was not an unindicted co-conspirator or unindicted co-defendant and denied the motion. (T. 168).

{¶16} After receiving the jury instructions, the jury returned a verdict of guilty on both charges.

### Sentencing

{¶17} At the conclusion of the trial, the trial court conducted the sentencing hearing. The State noted Powell's prior criminal record, which included a 2015 charge of an F-5 possession, a 2018 conviction for two counts of F-4 trafficking and a sentence of 17 months in prison, and a 2018 conviction for two counts of F-5 and F-4 trafficking and a sentence of 11 months in prison. (T. 206). The State also noted that while Powell was out on bond in Case No. 20-CR-0136 (involving an unrelated drug possession charge), she committed the offense of trafficking in cocaine on November 20, 2020. (T. 206).

{¶18} The trial court imposed a sentence of 18 months in prison for her conviction of aggravated trafficking in drugs and a sentence of 12 months in prison for her conviction of trafficking in cocaine. The trial court ordered that the sentences be served consecutively because it was necessary to protect the public for future crime, punish the offender, and the consecutive sentences were not disproportionate to the seriousness of the offender's conduct and danger to the public. (T. 210). It noted Powell's prior criminal

history and that she committed the offense of trafficking in cocaine will awaiting sentencing for Case No. 20-CR-0136. (T. 210).

{¶19} The trial court commented on the record regarding its sentence:

Let me just note for the record, because this may become an issue upon review, this is not a trial tax. There is not trial tax for this court. There is no punishment for going to trial. Again, I reiterate, the risk of going to trial involves the judge, who is going to sentence a criminal defendant, watching and listening to all of the evidence as it is presented.

(T. 210).

{¶20} The court's conviction and sentence were journalized on June 1, 2021, with a nunc pro tunc judgment entry filed on June 4, 2021. It is from this judgment entry that Powell now appeals.

**ASSIGNMENTS OF ERROR**

{¶21} Powell raises eight Assignments of Error:

{¶22} "I. THE TRIAL COURT PLAINLY ERRED BY NOT PROVIDING A JURY INSTRUCTION ON WHAT THE BULK AMOUNT IS FOR METHAMPHETAMINE, IN VIOLATION OF POWELL'S RIGHTS TO DUE PROCESS, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶23} "II. THE TRIAL COURT ERRED BY NOT INSTRUCTING THE JURY ON REVIEWING TESTIMONY OF CONFIDENTIAL INFORMANTS.

{¶24} "III. THE TRIAL COURT IMPROPERLY INSTRUCTED THE JURY NOT TO CONSIDER ALL OF THE ELEMENTS OF THE DRUG OFFENSES, IN VIOLATION OF POWELL'S IN VIOLATION OF HER [sic] RIGHTS TO DUE PROCESS OF LAW, A FAIR TRIAL, JURY UNANIMITY, AND DOUBLE JEOPARDY PROTECTIONS PURSUANT TO THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION.

{¶25} "IV. POWELL'S CONVICTIONS ARE BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶26} "V. POWELL'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶27} "VI. THE TRIAL COURT IMPERMISSIBLY PUNISHED POWELL FOR ASSERTING HER RIGHT TO A JURY TRIAL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶28} "VII. THE TRIAL COURT UNLAWFULLY ORDERED POWELL TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS [sic] RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶29} "VIII. POWELL RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

## ANALYSIS

### I. and III.

{¶30} We consider Powell's first and third Assignments of Error together because they are interrelated. Powell argues the trial court erred in failing to instruct the jury upon the bulk amount for methamphetamine. We disagree.

{¶31} Jury instructions are within the sound discretion of the trial court, and the court's decision will not be disturbed on appeal absent an abuse of discretion. *State v. DeMastry*, 155 Ohio App.3d 110, 2003–Ohio–5588, 799 N.E.2d 229 (5th Dist.), ¶ 54, citing *State v. Musgrave*, 5th Dist. Knox No. 98CA10, 2000 WL 502688 (April 24, 2000), and *State v. Martens*, 90 Ohio App.3d 338, 629 N.E.2d 462 (3rd Dist.1993). Jury instructions must be reviewed as a whole. *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988).

{¶32} Powell did not object to the jury instructions as to bulk weight. Crim.R. 30 provides that a party must object to an omission in the court's instructions to the jury in order to preserve the error for appeal. "A criminal defendant has a right to expect that the trial court will give complete jury instructions on all issues raised by the evidence." *State v. Williford*, 49 Ohio St.3d 247, 251–252, 551 N.E.2d 1279 (1990). (Citations omitted). If an objection is not made in accordance with Crim.R. 30, or the defendant fails to submit a required written jury instruction, Crim.R. 52(B), the plain error doctrine, applies. *State v.*

*Dorsey*, 5th Dist. Stark No. 2014CA00217, 2015–Ohio–4659, ¶ 61, citing *Williford, supra*,

and *State v. Gideons*, 52 Ohio App.2d 70, 368 N.E.2d 67(8th Dist.1977).

{¶33} Failure to properly instruct a jury is not in most instances structural error,

thus the harmless-error rule of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17

L.Ed.2d 705 (1967) applies; failure to properly instruct the jury does not necessarily

render a trial fundamentally unfair or an unreliable vehicle for determining guilt or

innocence. *State v. Bleigh*, 5th Dist. Delaware No. 09-CAA-03-0031, 2010-Ohio-1182,

2010 WL 1076253, ¶ 119, citing *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144

L.Ed.2d 35 (1999).

{¶34} Powell does not explain how the outcome of the trial would have been

different if the bulk amount instruction had been given. She was charged with one count

of aggravated drug trafficking (methamphetamine) pursuant to R.C. 2925.03(A)(1) and

(C)(1)(a), which prohibits selling or offering to sell methamphetamine, a Schedule II

controlled substance, in an amount "less than bulk." The "bulk amount" of

methamphetamine means an amount equal to or exceeding three grams. R.C.

2925.01(D)(1)(g). Powell was charged with selling less than three grams of

methamphetamine. The jury was instructed in pertinent part:

> Count I. In Count 1 of the indictment, the defendant is charged with
>
> aggravated trafficking in drugs, specifically methamphetamine. Before you
>
> can find the defendant guilty of aggravated trafficking in drugs, you must
>
> find beyond a reasonable doubt that on or about November 4th, 2020 in
>
> Coshocton County, Ohio, the defendant knowingly sold methamphetamine,

a Schedule II controlled drug, in an amount less than bulk amount. The

weight of the drug will not be at issue.

(T. 190).

{¶35} In the instant case, Powell was charged with selling less than the bulk amount, therefore the finder of fact was not required to make any finding regarding the amount of methamphetamine sold.

{¶36} Powell cites *State v. Chaffin*, 4th Dist. Scioto No. 1523, 1985 WL 11149, at *3, in support of her argument that an instruction on "bulk amount" is required. We discussed, and rejected, this same argument in *State v. Carpenter*, 5th Dist. Licking No. 20-CA-11, 2021-Ohio-821, 2021 WL 1016941. The defendant in *Chaffin* was charged with aggravated drug trafficking "in an amount greater than bulk but less than three times the bulk amount;" the bulk amount was therefore relevant to the jury's findings. Moreover, the conclusion reached in *Chaffin* is that the bulk amount is a matter of law upon which the trial court must instruct the jury, not an evidentiary issue that a witness must testify to. *Id.* As in *Carpenter*, we do not find *Chaffin* helpful in the instant case.

{¶37} We find the trial court did not commit plain error in failing to instruct the jury upon the bulk amount of methamphetamine when Powell was charged with selling less than three grams. Powell's first and third Assignments of Error are overruled.

**II.**

{¶38} In her second Assignment of Error, Powell argues the trial court erred when it failed to instruct the jury on reviewing the testimony of confidential informants. We disagree.

{¶39} Powell cites to *United States v. Griffin*, 382 F.2d 823 (C.A.6, 1967) in support of her argument that she was entitled to a cautionary instruction regarding the testimony of a confidential informant. This Court analyzed *Griffin* in *State v. Draughn*, 76 Ohio App.3d 664, 602 N.E.2d 790 (5th Dist.1992):

> In *Griffin*, the informant testified that the defendant was involved with a woman in selling heroin. Defendant was wired on several occasions when he purchased heroin from the woman. Several agents testified as to these sales, which they listened to pursuant to a radio. The agents observed the defendant sitting in a parked car near the scene of these buys. However, no evidence corroborated the informant's testimony that the defendant was involved with the woman in selling drugs.
>
> The Sixth Circuit Court of Appeals found plain error in the court's failure to give a special cautionary instruction to the jury as to the credibility of the informant. The sufficiency of the instructions depends on other incriminating circumstances tending to corroborate the informant. A cautionary instruction was required because the informant could easily have totally manufactured the allegations against defendant. Further, the evidence against the woman was abundant, increasing the danger that the jury transferred her guilt to the defendant. Not one witness other than the informant spoke to the defendant's guilt. *Id.* at 828-829.
>
> *Griffin* does not require an addict-informant instruction in all cases involving informant testimony; the need for the instruction depends on the circumstances of the case. *United States v. Brown* (C.A.6, 1991), 946 F.2d

1191, 1195. In *Brown*, the court found that the trial court's general instructions on credibility provided sufficient protection, and the court did not err in failing to give the requested informant instruction. It was clear that the jury was aware that the informant was an admitted narcotics addict paid by the police. The informant could not have manufactured all of the evidence, as there was corroboration. *Id. See, also, United States v. McGhee* (C.A.6, 1989), 882 F.2d 1095 (no instruction required where informant's testimony was corroborated by electronic surveillance and evidence from a search); *United States v. Butler* (C.A.D.C.1973), 481 F.2d 531 (jury aware that witness was an addict, evidence was corroborated).

*State v. Draughn*, 76 Ohio App.3d 664, 675, 602 N.E.2d 790, 796, 1992 WL 211586 (5th Dist.1992). Pursuant to *Griffin*, we analyze the circumstances of the case to determine if the cautionary instruction was needed.

{¶40} The State and Powell presented evidence that the CI was a drug user and used drugs while he was under the CI contract. Det. Stone testified that the CI did not appear to be under the influence during the controlled purchases.

{¶41} During the November 4, 2020 and November 20, 2020 controlled purchases, Det. Stone placed a wire on the CI that provided audio and visual recordings of the transactions. The CI was searched prior to the controlled purchases and was provided money for the purchase. The November 4, 2020 video showed Powell handing the CI a small, clear zip lock baggie with a club pattern. Det. Stone searched the CI after the November 4, 2020 controlled purchase and found the small, clear zip lock baggie with a club pattern containing what was determined to be methamphetamine. The November

20, 2020 video showed Powell holding money and sorting drugs with a blue straw. Det. Stone searched the CI after the six-minute controlled purchase and found a small baggie containing what was determined to be cocaine and other drugs.

{¶42} The CI and Det. Stone identified Powell in the video and audio recordings played for the jury.

{¶43} In this case, we find the circumstances do not involve *Griffin*. The testimony implicating Powell was not solely from the CI. The CI's testimony was corroborated by the audio and visual recordings, which were played for the jury. Det. Stone testified to his interactions with the CI before and after the controlled purchases. The trial court gave the jury the general credibility instruction, which we find to be sufficient. *See State v. James*, 5th Dist. Tuscarawas No. 96-CA-17, 1998 WL 518135 (Mar. 25, 1998), *5.

{¶44} Powell's second Assignment of Error is overruled.

## IV. and V.

{¶45} In her fourth and fifth Assignments of Error, Powell argues her convictions are against the sufficiency and manifest weight of the evidence. We disagree.

{¶46} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's

guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶47} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins, supra*, 78 Ohio St.3d at 387, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶48} Powell argues that her conviction was against the sufficiency and manifest weight of the evidence because the CI's testimony was not credible and uncorroborated. The CI's testimony as to the controlled purchases was corroborated by the video and audio recordings showing the events on November 4, 2020 and November 20, 2020. While the drug transaction on November 20, 2020 was not seen in the video recording, there was circumstantial evidence of the transaction. We note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks, supra.* Prior to the controlled purchase on November 20, 2020, Det. Stone searched the CI and did not find any drugs on his person. He gave the CI $40 to purchase the "fetty." In the video, Powell is seen weighing drugs and using a blue straw to separate the drugs. After the controlled purchase, which took six minutes, Det. Stone searched the CI and found a

baggie of drugs containing cocaine, but did not find the $40 previously given to the CI. The CI's testimony was supported by the video and audio evidence and the testimony of Det. Stone.

{¶49} Powell next contends that the CI was not credible because he was a confidential informant whose pending conveyance charges would be dismissed in exchange for his cooperation. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The jury heard the witnesses, where the CI was cross-examined as to his contract with Det. Stone and his drug use. We find that this is not an " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins*, 78 Ohio St.3d at 387. Upon our review of the entire record in this matter, Powell's convictions are not against the sufficiency or the manifest weight of the evidence.

{¶50} Powell's fourth and fifth Assignments of Error are overruled.

**VI.**

{¶51} In her sixth Assignment of Error, Powell contends the trial court impermissibly punished her for asserting her right to a jury trial. We disagree.

{¶52} It is well-established "a sentence vindictively imposed on a defendant for exercising his constitutional right to a jury trial is contrary to law." *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 8, citing *State v. O'Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989). When reviewing a sentence for vindictiveness, we begin by presuming the trial court considered the proper sentencing criteria. *Id.* at ¶ 19. We then review the record for evidence of actual vindictiveness on the part of the trial

court." Id., citing R.C. 2953.08(G)(2) and *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. It is incumbent upon the defendant to prove actual vindictiveness. *Id.* at ¶ 18, citing *United States v. Wasman*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

{¶53} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required sustaining an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶54} At her pretrial, the parties were before the trial court to discuss Powell's two pending criminal cases, Case Nos. 20-CR-0136 and 21-CR-0006. In Case No. 20-CR-0136, Powell had already entered a guilty plea to an F-5 possession charge but had not been sentenced. The trial court advised Powell that if she entered a guilty plea to the charges in Case No. 21-CR-0006, it would sentence her to 17 months on Count 1 and 11 months on Count 2. The sentences would run concurrently, along with the sentence imposed in Case No. 20-CR-0136. The trial court specifically advised Powell, however, that it was not aware of the underlying facts in Case No. 21-CR-0006.

{¶55} At the sentencing hearing after her conviction in Case No. 21-CR-0006, the State informed the trial court as to Powell's prior criminal history and that she had committed the offense of trafficking in cocaine while on bond in Case No. 20-CR-0136. The trial court noted Powell's criminal history and the evidence presented at the trial in

determining her sentence of 18 months on Count 1 and 12 months on Count 2, to run consecutively. Upon review of the record, we do not find the trial court's sentence was based on vindictiveness rather than on the facts of the case.

{¶56} Powell's sixth Assignment of Error is overruled.

**VII.**

{¶57} Powell contends in her seventh Assignment of Error that the trial court erred in sentencing her to serve consecutive sentences. We disagree.

{¶58} R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b).

{¶59} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, ¶ 23. R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences and provides:

> If multiple prison terms are imposed on an offender for convictions of
> multiple offenses, the court may require the offender to serve the prison
> terms consecutively if the court finds that the consecutive service is
> necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶60} During the sentencing hearing in the instant case, the trial court considered the purposes and principles of sentencing, as well as the seriousness and recidivism factors. The trial court found consecutive sentences were necessary to protect the public, to punish Powell, and were not disproportionate to the crimes she committed. The trial court made a specific finding pursuant to R.C. 2929.14(C)(4)(a), that she committed the offense while she was awaiting sentencing in Case No. 20-CR-0136, and a finding as to R.C. 2929.14(C)(4)(c), that Powell's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.

{¶61} Upon our review of the record of the sentencing hearing and the judgment entry, the trial court engaged in the appropriate analysis and made the requisite findings. Therefore, we find the imposition of consecutive sentences in this case was not contrary to law.

{¶62} Powell's seventh Assignment of Error is overruled.

**VIII.**

{¶63} In her eighth Assignment of Error, Powell argues that she received ineffective assistance of counsel. We disagree.

{¶64} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶65} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶66} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland,* 466 U.S. at 694.

{¶67} Powell contends for the reasons stated in her seven Assignments of Error, she received the ineffective assistance of counsel. Upon our review of the Assignments of Error, the record does not support Powell's claim that her trial counsel was incompetent or that the results of the proceedings would have been different.

{¶68} Powell's eighth Assignment of Error is overruled.

## CONCLUSION

{¶69} The judgment of the Coshocton County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Wise, Earle, P.J. and

Baldwin, J., concur.