[Cite as *State v. Emery*, 2023-Ohio-709.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BRANDON EMERY, | : | Case No. 22-COA-026 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County
Court of Common Pleas, Case No.
20-CRI-204

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 7, 2023

APPEARANCES:

For Plaintiff-Appellant

CHRISTOPHER C. BAZELEY
9200 Montgomery Rd., Suite 8A
Cincinnati, Ohio 45242

For Defendant-Appellee

CHRISTOPHER TUNNEL
Prosecuting Attorney
Ashland County, Ohio
110 Cottage Street
Ashland, Ohio 44805

*Baldwin, J.*

**{¶1}**   Brandon Emery appeals the decision of the Ashland County Court of Common Pleas finding him in violation of the terms and conditions of his Intervention of Lieu of Conviction, revoking the Intervention in Lieu of Conviction Supervision and imposing a sentence for Aggravated Possession of Drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(a), Possession of Criminal Tools, a violation of R.C. 2923.24(A), a felony of the fifth degree and Illegal Use or Possession of Drug Paraphernalia, a misdemeanor of the fourth degree in violation of R.C. 2925.14(C)(1). Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}**   On November 12, 2020 Emery was charged with Aggravated Possession of Drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(A), Possession of Criminal Tools, a violation of R.C. 2923.24(A) and a felony of the fifth degree and Illegal Use or Possession of Drug Paraphernalia, a misdemeanor of the fourth degree in violation of R.C. 23 2925.14(C)(1). He initially entered a plea of not guilty, then submitted an application to receive treatment or intervention in lieu of conviction. (May 17, 2021, Motion For Order Granting Defendant Intervention In Lieu Of Conviction). His application was granted and Emery entered a guilty plea to the charges on July 26, 2021. The trial court imposed the following terms as part of Emery's conditions for avoiding a conviction:

1.      For a term of two (2) years, the Defendant shall be subject to supervision by the Adult Parole Authority at a High ORAS Level, and with a

minimum of one face-to-face contact per month with his supervising officer, he shall comply with all rules, regulations and/or special condition recommendations of the Adult Parole Authority, and he shall obey all laws and all orders of the Court.

2. While subject to supervision by the Adult Parole Authority, the Defendant shall maintain employment. The Defendant shall not do anything, or fail to do anything, that would cause him to be involuntarily discharged or to be fired for cause from employment. The Defendant shall not voluntarily quit any employment he obtains without prior approval of his supervising officer.

3. While subject to supervision by the Adult Parole Authority, the Defendant shall not use, consume, or possess any alcohol or illegal drugs, shall abstain from all mood-altering chemicals, and shall maintain sobriety for a minimum of one full year. This prohibition includes the consumption or use of medical marijuana in any form, which is not permitted by the Court while the Defendant is subject to supervision.

4. While subject to supervision by the Adult Parole Authority, the Defendant shall be subject to random alcohol and drug testing and shall be tested no less than once every sixty (60) days. The Defendant shall pay all costs associated with such testing.

5. The Defendant shall participate in and successfully complete substance abuse treatment and counseling through the Ashland County Council on Alcoholism and Drug Abuse (ACCADA), or at any other similar licensed

substance abuse treatment agency approved by his supervising officer, as well as all recommended follow-up or after care treatment and/or counseling. Such counseling and treatment shall include, but not be limited to the following: attendance at a minimum of one individual counseling session per week; attendance at a minimum of one support group meeting per week; and attendance at pro-social activities that promote a sober lifestyle. The Defendant shall pay all costs associated with such treatment.

6. The Defendant shall further obtain a mental health assessment through a licensed mental health treatment agency approved by his supervising officer and shall comply with all recommended terms of counseling and/or treatment.

7. The Defendant shall execute all necessary and/or appropriate waivers to permit the Adult Parole Authority and the Court to monitor the Defendant's compliance with the Court's orders, and his progress while on intervention in lieu of conviction.

8. The Defendant shall report all prescription medications to his supervising officer within twenty-four (24) hours of receiving a prescription from a licensed physician or other appropriately licensed health care provider, and he shall not possess or use any prescription medication which has not been prescribed for the Defendant by a licensed physician or other appropriately licensed health care provider.

9. The Defendant shall abide by the following curfew: Defendant shall be at an approved residence between the hours of 10:00 p.m. and 6:00 a.m., unless granted permission by the Adult Parole Authority to do otherwise.

10. The Defendant shall not associate with any person having a criminal background or persons who may have gang affiliation, or who could otherwise influence the Defendant to engage in further criminal activity.

11. The Defendant shall pay a supervision fee of Twenty Dollars ($20.00) per month effective with the date of journalization of this Judgment Entry and shall further pay all court costs in this case. The Forensic Assessment and Oriana House reports received in this case shall be sealed for filing.

**{¶3}** On November 26, 2021, Emery's Probation Officer filed a complaint alleging seven violations of the trial court's order imposed when it granted Emery's Motion for Treatment in Lieu of Conviction. A warrant was issued for Emery's arrest as his whereabouts were unknown. Emery was arrested on June 8, 2022 and after consultation with counsel, informed the trial court that he planned to admit to the violations of the terms of his community control. A hearing on the plea was scheduled for June 28, 2022.

**{¶4}** Emery appeared before the trial court on June 28, 2022 with counsel. The trial court engaged in a lengthy colloquy, carefully explaining the rights that Emery was waiving and engaging in dialogue with Emery and his counsel directly. After concluding that the Emery had freely and voluntarily waived his rights and that his admission to the violations was knowing and voluntary, the trial court imposed an aggregate sentence of six months in prison with credit for time served. The sentence was not stayed and the record indicates that Emery was due to be released on October 22, 2022.

**{¶5}** Emery filed a timely appeal and his counsel filed an Anders brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967). In *Anders* the Supreme Court of the United States held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and, (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶6}** Appellate counsel's brief lists the following potential assignments of error:

**{¶7}** "I. WHETHER THE TRIAL COURT COMPLIED WITH CRIMINAL RULE 11 BEFORE ACCEPTING APPELLANT'S ADMISSIONS."

**{¶8}** "II. WHETHER THE SENTENCE IMPOSED ON APPELLANT WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW."

**{¶9}** Appellate counsel suggests there are no issues that could be considered meritorious in the assignments of error. Counsel timely served Emery with a copy of the brief, but he has not filed a brief in response to service of the *Anders* brief. We have not received a brief from Appellee.

**ANALYSIS**

**I.**

{¶10} In the first proposed assignment of error, counsel considers whether the trial court complied with Crim.R. 11 before accepting Emery's admissions and concludes there is no merit to that alleged error.

{¶11} Criminal Rule 11(C)(2) imposed obligations on the trial court before it could accept Emery's guilty plea:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶12} A trial court must substantially comply with Crim. R. 11(C). *State v. Johnson* (1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the

implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, quoting *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163; *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 396 N.E.2d 757, certiorari denied (1980), 445 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789. In reviewing the record in this case as a whole, we find that Emery was sufficiently apprised of the nature of the offenses.

**{¶13}** Emery was represented by counsel and there is no evidence in the record that he was confused. The trial court reviewed the facts of the seven alleged violations of the terms of the treatment in lieu of conviction order and neither Emery nor his counsel objected or expressed any concern regarding the understanding of the nature of the alleged violations. The trial court thoroughly reviewed the rights Emery was waiving and the consequences of his admission, then requested Emery's plea to each alleged violation individually. Emery did question the validity of fifth alleged violation and, after an exchange with the trial court, admitted to that violation as well as the other six alleged violations.

**{¶14}** An examination of the trial court transcript demonstrates that Emery was aware of all the charges against him and fully understood the nature of the charges. In the dialogue between the judge and Emery during the hearing, before the trial court accepted his pleas, Emery was advised of the alleged violations and the facts upon which the charges were based. We find that the totality of the circumstances are such that the trial court was warranted in determining that the Emery understood the charges. See *State v. Rainey* (1982), 3 Ohio App.3d 441, 446 N.E.2d 188.

**{¶15}** We agree that there is no merit is the first assignment of error.

**II.**

**{¶16}** In the second proposed assignment of error, Emery's counsel examines whether the trial court erred in sentencing Emery and concludes that there is no merit to that argument.

**{¶17}** Emery was convicted of Aggravated Possession of Drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(A), Possession of Criminal Tools, a violation of R.C. 2923.24(A), a felony of the fifth degree and Illegal Use or Possession of Drug Paraphernalia, a misdemeanor of the fourth degree in violation of R.C. 2925.14(C)(1). The prison term for a felony of the fifth degree is a definite term of six, seven, eight, nine, ten, eleven, or twelve months and the penalty for a misdemeanor of the fourth degree is a jail term of thirty days. R.C. 2929.14. The trial court, after considering "the record, oral statements of counsel and the Defendant, any victim-impact statement, and any presentence investigation report prepared by the Delaware County Office of Adult Court Services, as well as the principles and purposes of sentencing under R.C. 2929.11" after balancing the seriousness and recidivism factors under R.C. 2929.12" ordered that Emery serve an aggregate prison term of six months. No fine was imposed.

**{¶18}** Emery was given credit for thirty days of time served, which the trial court later corrected to eighty-nine days. (Judgment Entry, Aug. 16, 2022). A document in the record captioned "Notice of Calculation of Sentence" purportedly from the Ohio Department of Rehabilitation and Correction, reflects a jail time credit of ninety-five days "based upon the journal entries from your court." (Notice of Calculation of Sentence, Aug. 31, 2022, time stamped Sep. 9, 2022). While we cannot determine from the record which is the correct calculation, it is evident that Emory has completed his sentence.

**{¶19}** We find that the completion of the sentence renders this assignment of error moot. While Emery did not acquiesce in the judgment and did not abandon his right to review, this assignment of error does not attack his conviction, but only his sentence. As the sentence has been fulfilled, we have no matter before us to decide. *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 26. The completion of the sentence has mooted our consideration of sentencing issues. *Id.* at ¶ 36, Lanzinger, J., concurring in judgment only.

**{¶20}** We agree that the second proposed assignment of error is without merit.

**{¶21}** For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.