[Cite as *State v. Mamone*, 2023-Ohio-1167.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

JOHN MAMONE

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. John W. Wise, J.
Hon. Andrew J. King, J.

Case No. 22 CAC 06 0042

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Municipal Court, Case No. 22 CRB 00209 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 7, 2023 |


APPEARANCES:

For Plaintiff-Appellee

AMELIA BEAN-DeFLUMER
CITY PROSECUTOR
70 North Union Street
Delaware, Ohio 43015

For Defendant-Appellant

TODD A. WORKMAN
WORKMAN LAW FIRM
P. O. Box 687
Delaware, Ohio 43015

*Wise, J.*

{¶1}    Defendant-Appellant John Mamone appeals his conviction and sentence on one count of aggravated menacing following a jury trial in the Delaware County Municipal Court.

**Facts and Procedural History**

{¶2}    On March 4, 2022, Appellant John Mamone was indicted on one count of Domestic Violence, in violation of R.C. §2919.25(C), a fourth-degree misdemeanor, and one count of Aggravated Menacing, in violation of R.C. §2903.21, a first-degree misdemeanor.

{¶3}    The charges arise from an incident which occurred on February 1, 2022, when Appellant sent his brother-in-law Michael, a message stating:

Tell Stephanie I said fuck you cunt. As for everyone, stay fucking tuned because I about to eulogize all those mother fucking family members. If any of them see me, they should drop everything and run for their fucking lives. Notice the nuance. If I don't see them, they are safe. If they fuck with me more, it's trouble but they all earned their public eulogizing. You can warn them, but I have many accounts; they can't keep it off their walls.

{¶4}    On April 27, 2022, Appellant entered a not guilty plea to both counts with no counsel present.

{¶5}    On April 29, 2022, an attorney was appointed to represent Appellant.

{¶6}    On May 19, 2022, a jury trial commenced in this matter. Prior to opening statements, the state of Ohio dismissed the domestic violence charge.

**{¶7}**    At trial, the jury heard testimony from Appellant's half-sister Stephanie Mamone-Kolcun and her husband Michael Kolcun, as well as Deputy Andrew Ritter from the Delaware County Sheriff's Office.  The jury also heard testimony from Appellant who testified in his own defense.

**{¶8}**    At the conclusion of the trial, the jury found Appellant guilty on the sole count of aggravated menacing.

**{¶9}**    The trial court sentenced Appellant to 180 days in jail, with 120 days suspended, a $200.00 fine, and two (2) years of intensive supervision with community control.

**{¶10}**   Appellant was also ordered to continue with OSU mental health, comply with a post-conviction no-contact order, and to have GPS monitoring in place prior to release from jail. GPS was ordered to be paid by the court.

**{¶11}**   Appellant now appeals.

### Assignments of Error

**{¶12}**   Counsel for Appellant Mamone has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) asserting three potential assignments of error:

**{¶13}**   "I. THE APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, AND SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS NOT VIOLATED BY TRIAL COUNSEL BASED UPON THE RECORD BEFORE THIS COURT.

**{¶14}** "II. APPELLANT'S PLEA OF GUILTY WAS VOLUNTARILY GIVEN BASED UPON THE RECORD BEFORE THIS COURT.

**{¶15}** "III.     APPELLANT'S     AGGREGATED     SENTENCE     IS     NOT DISPROPORTIONATE TO THE CRIMES COMMITTED.

*Law and Analysis*

**{¶16}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw.  386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal.  *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses.  *Id.*  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires.  *Id.*

**{¶17}** By Judgment Entry filed October 25, 2022, this Court noted that counsel had filed an *Anders* brief and had indicated to the Court that he had served Appellant with the brief.  Accordingly, this Court notified Appellant via Certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry."

**{¶18}** Appellant has not filed a *pro se* brief

**{¶19}** We find Appellant's counsel in this matter has adequately followed the procedures required by *Anders.*

**{¶20}** As Appellant did not submit a *pro se* brief and the state of Ohio did not file a response brief, this Court will review the proposed potential assignments of error and will undertake, pursuant to *Anders*, to fully examine the proceedings to decide if this appeal is indeed wholly frivolous.

## I.

### *Ineffective Assistance of counsel*

**{¶21}** Was Appellant denied the effective assistance of counsel?

**{¶22}** A claim for ineffective assistance of counsel requires a two-prong analysis. The first prong entails a review regarding whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong entails a review regarding whether Appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (citing *Lockhart v. Fretwell* (1993), 506 U.S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180). The United States Supreme Court and the Ohio Supreme Court have both held that a reviewing court "need not determine whether counsel's performance was deficient before examining the

prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley*, 42 Ohio St.3d at 143 (citing *Strickland*, 466 U.S. at 697).

**{¶23}** Appellant herein claims that his trial counsel failed to properly inform him of the effects of pleading guilty as opposed to going to trial, and the possible sentences that could result from either course of action.

**{¶24}** Upon review of the record, we find that trial counsel stated on the record that he informed Appellant that the court was likely to sentence him to jail time if he proceeded to trial. (T. at 190). Appellant raised no concerns or objections to the trial court.

**{¶25}** Upon review, we do not find that Appellant's counsel was ineffective.

## II.

### *Guilty Plea*

**{¶26}** Was Appellant's guilty plea voluntarily given?

**{¶27}** Counsel herein argues that Appellant was not properly instructed by the trial court as to the possibility of incarceration at the time of the change of plea in this matter.

**{¶28}** Upon review, we find this argument misplaced as Appellant herein did not enter a guilty plea but rather proceeded to trial by jury. As such, we find said assignment and counsel's argument not well-taken and overrule same.

## III.

### *Sentencing*

**{¶29}** Did the trial court err in sentencing?

**{¶30}** More specifically, was Appellant's sentence commensurate with his conduct?

{¶31} R.C. §2929.22, the misdemeanor sentencing statute, lists factors a trial court must consider in determining the appropriate sentence to impose:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factors made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.

R.C. §2929.22(B)(1).

{¶32} Misdemeanor sentences are reviewed for an abuse of discretion. R.C. §2929.22; *State v. Frazier,* 158 Ohio App.3d 407, 2004–Ohio–4506, 815 N.E.2d 1155, at ¶ 15. An abuse of discretion means more than an error of judgment; it implies that the

trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

**{¶33}** Appellant herein was charged with Aggravated Menacing, in violation of R.C. §2903.21, a first degree misdemeanor. A first-degree misdemeanor is punishable by a sentence of up to 180 days in jail and a $1,000.00 fine. Here, the trial court imposed a sentence of 180 days in jail, with 120 days suspended, a $200 fine, and two (2) years of community control. As such, the trial court's sentence was well within the statutory range and is not contrary to law.

**{¶34}** Additionally, prior to imposing sentence, the trial court considered the nature of the crime, the seriousness of the offense, the victims' testimony at trial and their statements. The trial court also took into consideration Appellant's lack of a criminal history.

**{¶35}** Prior to imposing sentence, the trial court stated on the record:

So I have concerns. So as far as an aggravated menacing goes, I will tell you that this is perhaps one of the worst forms of an aggravated menacing. You're threatening to kill people, that's as bad as it gets in your putting it in writing and your sending it out. That's as bad as it gets

You don't have a record. I do give way to that, but I give weight to what I saw here in the courtroom over the course of this day, that there were two people who were afraid of you who should not have been afraid of you. Your half-sister and her husband had to come to court and testify that they were afraid, that they were on alert; they're watching where they're going because they don't quite frankly trust that nothing's going to happen

So I'm going to order the following. I do consider the purposes – – the primary purposes of misdemeanor sentencing. I do consider the factors outlined in the statute. I will – – I accepted the verdict. You have been found guilty of aggravated menacing. I will order the following, a $200 fine and court costs. I will give you 90 days to pay that and the ability to work it off with community service.

I am ordering all 180 days in jail, 120 of them will be suspended. You will serve 60 days jail with credit for two and you will go forth with.

Now when you get out of jail, you will be on a period of intensive supervision with the community control office for two years. You must report to the community control office once you're out of jail. I do want you to do a mental health evaluation and I hope we can start that while you are in jail. If you've done one recently with your doctor, sign a release and we'll take a look at it.

***

(T. at 194-196).

**{¶36}** Upon review of the trial transcript, we find the sentence imposed by the trial court was supported by the record and was not an abuse of discretion.

*Conclusion*

**{¶37}** After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  We therefore find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Delaware County Municipal Court.

By: Wise, J.

Gwin, P. J., and

King, J., concur.


JWW/kw 0404