[Cite as *State v. Weaver*, 2023-Ohio-1356.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 22CAA060048 |
| | : | |
| BENJAMIN WEAVER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware County Court of Common Pleas, Case No. 21CRI04224

JUDGMENT:        AFFIRMED

DATE OF JUDGMENT ENTRY:        April 26, 2023

APPEARANCES:

For Plaintiff-Appellee:

MELISSA A. SCHIFFEL
DELAWARE CO. PROSECUTOR
145 N. Union St., 3rd Floor
P.O. Box 8006
Delaware, OH 43015

For Defendant-Appellant:

APRIL F. CAMPBELL
545 Metro Place South, Suite 100
Dublin, OH 43017

*Delaney, J.*

{¶1} Appellant Benjamin Weaver appeals from the May 17, 2022 Judgment Entry of the Delaware County Court of Common Pleas convicting him upon one count each of rape and abduction following trial by jury. Appellee is the state of Ohio and did not appear in this appeal.

{¶2} Appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), asserting she found no potential assignments of error having arguable merit. We have performed our duty under *Anders* to review the record independently, and we also find no potential assignments of error having arguable merit. See, *State v. Adair,* 5th Dist. Muskingum No. CT2022-0016, 2023-Ohio-1191, ¶ 20.

## FACTS AND PROCEDURAL HISTORY

{¶3} This case arose on April 15, 2021, when officers with the Delaware Police Department responded to an allegation of sexual assault.

{¶4} Jane Doe was estranged from her husband although the two spoke frequently. She was living with a roommate—appellant—in an apartment. In the early morning hours of April 15, 2021, appellant woke Jane from sleep when he entered her bedroom and said something to her, which Jane did not understand at first because she was groggy. She eventually realized appellant was making sexual advances, and she told him to stop.

{¶5} Appellant then climbed on top of Jane and straddled her throat. Jane reported appellant unzipped his pants, pulled out his penis, and said she "was going to suck it." Jane said no and appellant repeatedly tried to force his penis into her mouth.

Jane resisted appellant by moving her head from side to side; she could not breathe because appellant was on top of her. Appellant forced his penis into Jane's mouth and she attempted to bite him, although this was ineffective because she did not have her dentures in. Appellant also "smacked" her in the face with his penis and ejaculated on her face and in her hair.

{¶6} Jane left the apartment and called her husband and son, who encouraged her to call police. She reported the sexual assault to Delaware police, and Officer Zoller contacted Jane to take a report. Zoller noted a sticky substance readily visible on Jane's face and hair. At trial, Zoller testified to his observations of Jane, as did Jane's husband and son. The witnesses each noted their observations of what they believed to be semen on Jane's face and hair.

{¶7} Jane reported to the local hospital after contact with Zoller. During a subsequent SANE exam, a nurse examiner found white dried staining on Jane's neck and in her hair.

{¶8} Detectives contacted appellant, and he repeatedly denied sexual contact with Jane. He submitted to his own SANE examination, however, and swabs were collected from his body.

{¶9} Subsequent testing by BCI revealed appellant's DNA in Jane's mouth and on her neck, and Jane's DNA was on appellant's penis.

{¶10} At trial, appellant's defense was that he and Jane were both addicted to methamphetamine and Jane provided sexual favors to him in return for drugs. Appellant testified that in the early morning hours of April 15, 2021, he was at his job helping a disabled neighbor, not raping Jane, and witnesses saw nothing amiss in his demeanor.

A neighbor testified on his behalf. Appellant claimed Jane asked him to obtain methamphetamine for her that morning and he refused. He denied any sexual contact with Jane that morning.

{¶11} Appellant was charged by indictment with one count of rape pursuant to R.C. 2907.02(A)(2), a felony of the first degree [Count I], and one count of abduction with a sexual motivation pursuant to R.C. 2905.02(A)(2), a felony of the third degree [Count II]. Appellant entered pleas of not guilty and the matter proceeded to trial by jury. Appellant moved for a judgment of acquittal pursuant to Crim.R. 29(A) at the close of appellee's evidence and at the close of all of the evidence; the motions were overruled. Appellant was found guilty as charged. The trial court found Counts I and II merged and appellee elected to sentence upon Count I. The trial court sentenced appellant to an indefinite mandatory prison term of 8 to 12 years.

{¶12} Appellant filed a timely appeal and counsel filed an Anders brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967). In *Anders,* the Supreme Court of the United States held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and, (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the

appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶13} Appellate counsel's brief lists the following potential assignments of error:

## ASSIGNMENTS OF ERROR

{¶14} "I. IS WEAVER'S RAPE CONVICTION INSUFFICIENTLY SUPPORTED BY THE EVIDENCE, OR AGAINST THE MANIFEST WEIGHT OF LAW?"

{¶15} "II. DID THE TRIAL COURT ERR IN NOT INSTRUCTING THE JURY ON THE LESSER-INCLUDED OFFENSES OF RAPE?"

## ANALYSIS

{¶16} Appellate counsel has filed a brief pursuant to *Anders,* supra, stating that she can find no potential assignments of error having arguable merit. By entry filed on December 9, 2022, appellant was advised that an *Anders* brief had been filed on his behalf, and he was advised to file his own pro se brief within 60 days of the entry (February 7, 2023).

{¶17} Appellant has not filed a pro se brief and we have not received a responsive brief from appellee.

I.

{¶18} In the first proposed assignment of error, appellate counsel examines whether appellant's rape conviction is against the manifest weight and sufficiency of the evidence, concluding there is no merit to this potential assignment of error.  We agree.

{¶19} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.  *State v. Thompkins*, 78 Ohio St.3d 380,

1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶20} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶21} Appellant was found guilty upon one count of rape pursuant to R.C. 2907.02(A)(2), which states, "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." "Sexual conduct" includes fellatio. R.C. 2907.01(A).

{¶22} In the instant case, appellee presented evidence in the form of Jane's testimony that appellant held her down, forced his penis into her mouth, and ejaculated on her face and hair. Jane immediately told her husband, son, and a police officer, and each of these witnesses testified to Jane's distraught condition and the appearance of semen on her face and hair. Although appellant denied sexual contact with Jane, his DNA was found in her mouth and on her neck, and her DNA was on his penis.

{¶23} The jury could accept or reject appellant's self-serving defenses that Jane was high or drunk or angry because he didn't provide her with methamphetamine, but the physical evidence supported Jane's account. Ultimately, the trier of fact was free to decide which witnesses were more believable. The weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79.

{¶24} Upon our review of the record, appellant's rape conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. We agree with appellate counsel that there is no merit to the first proposed assignment of error.

II.

{¶25} In the second proposed assignment of error, appellate counsel reviews whether the trial court erred in failing to instruct the jury upon lesser-included counts of rape including gross sexual imposition and sexual battery, and concludes there is no merit to this potential assignment of error. We agree.

{¶26} Generally, "a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh evidence and discharge its duty as the fact finder." *State v. Comen,* 50 Ohio St.3d 206, 553 N.E.2d 640

(1990), paragraph two of the syllabus. Jury instructions are within the sound discretion of the trial court, and the court's decision will not be disturbed on appeal absent an abuse of discretion. *State v. Powell*, 5th Dist. Coshocton No. 2021CA0017, 2022-Ohio-2506, ¶ 31, citing *State v. DeMastry*, 155 Ohio App.3d 110, 2003-Ohio-5588, 799 N.E.2d 229 (5th Dist.), ¶ 54; *State v. Musgrave*, 5th Dist. Knox No. 98CA10, 2000 WL 502688 (April 24, 2000), and *State v. Martens*, 90 Ohio App.3d 338, 629 N.E.2d 462 (3rd Dist.1993).

{¶27} Appellate counsel considers whether the trial court should have instructed the jury upon the elements of gross sexual imposition or sexual battery.

{¶28} R.C. 2907.05(A)(1) defines the offense of gross sexual imposition (GSI) as follows: "No person shall have sexual contact with another, not the spouse of the offender * * * when [t]he offender purposely compels the other person * * * to submit by force or threat of force." "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person. R.C. 2907.01(B). GSI is a lesser included offense of rape. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, ¶ 143, citing *State v. Johnson*, 36 Ohio St.3d 224, 522 N.E.2d 1082 (1988), paragraph one of the syllabus.

{¶29} R.C. 2907.03(A)(1) defines sexual battery as, "No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution." Sexual battery is not generally a lesser-included offense of rape because a person may purposely compel another person by force or threat of force to submit to sexual contact without knowing that the other person's ability

to appraise the nature of or control his or her own conduct is substantially impaired. See, *State v. Parker*, 8th Dist. Cuyahoga No. 110563, 2022-Ohio-377, ¶ 16. The Ohio Supreme Court has held that sexual battery by coercion under R.C. 2907.03(A)(1) is a lesser-included offense of forcible rape only if the jury could reasonably have found that the offender compelled the victim to submit by coercion, but not by force or the threat of force. *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 268.

{¶30} The overwhelming evidence at trial supported Jane's account that appellant straddled her throat and forced her to perform fellatio. The evidence does not support a count of GSI or sexual battery.

{¶31} In this case there was sufficient evidence presented at trial to support a finding that the appellant's conduct rose to the level of rape. *State v. Hayes*, 5th Dist. Muskingum No. CT2022-0021, 2023-Ohio-1008, ¶ 52. The facts did not warrant a lesser included offense instruction, and as such the trial court had no duty to give one. *Id.,* citing *State v. Fouts,* 4th Dist. Washington No. 15CA25, 2016-Ohio-1104,¶ 85 ("[j]ust as trial counsel was not required to request a jury instruction that was not warranted by the evidence, likewise, the trial court had no duty to sua sponte give a lesser included offense instruction based on our record.")

{¶32} We agree there is no merit to the second proposed assignment of error.

*No arguably meritorious claims for appeal*

{¶33} In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the

record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶34} Counsel in this matter followed the procedure in *Anders* and we reviewed the merits of appellant's potential assignments of error. Upon our review of the record, we found no error which would warrant a reversal of appellant's convictions or sentence. See, *State v. Mamone*, 5th Dist. Delaware No. 22 CAC 06 0042, 2023-Ohio-1167, ¶ 37; *State v. Emery*, 5th Dist. Ashland No. 22-COA-026, 2023-Ohio-709, ¶ 21.

{¶35} The record discloses no errors prejudicial to appellant's rights in the proceedings in the trial court. We therefore concur with appellate counsel that appellant's appeal is without merit and wholly frivolous. An appeal is wholly frivolous if the record is devoid of any legal points arguable on the merits. *State v. Middaugh*, 5th Dist. Coshocton No. 02 CA 17, 2003-Ohio-91, ¶ 13.

{¶36} In this case, the requirements in *Anders* have been satisfied. Upon our independent review of the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Delaware County Court of Common Pleas. See, *State v. Hill*, 5th Dist.

Licking No. 15-CA-13, 2016-Ohio-1214, ¶ 20, appeal not allowed, 147 Ohio St.3d 1412, 2016-Ohio-7455, 62 N.E.3d 185.

## CONCLUSION

{¶37} Counsel's motion to withdraw is granted. The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.