[Cite as *State v. Saulsberry*, 2024-Ohio-5560.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 24COA011 |
| | : | |
| JOSEPH SAULSBERRY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County Court
of Common Pleas, Case No. 23CRI148

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      November 22, 2024

APPEARANCES:

For Plaintiff-Appellee:

ASHLAND COUNTY PROSECUTOR
110 Cottage Street, 3rd Floor
Ashland, OH 44805

For Defendant-Appellant:

CHRISTOPHER BAZELEY
9200 Montgomery Road, Ste. 8A
Cincinnati, OH 45242

*Delaney, P.J.*

{¶1} Appellant Joseph Saulsberry appeals from the March 26, 2024 Judgment Entry-Sentencing of the Ashland County Court of Common Pleas. Appellee state of Ohio did not appear in the instant appeal.

{¶2} Appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), asserting he found no potential assignments of error having arguable merit. We have performed our duty under *Anders* to review the record independently, and we also find no potential assignments of error having arguable merit. See, *State v. Adair,* 5th Dist. Muskingum No. CT2022-0016, 2023-Ohio-1191, ¶ 20.

## FACTS AND PROCEDURAL HISTORY

{¶3} This case arose when Deputy Coffey of the Ashland County Sheriff's Department stopped appellant's vehicle for fictitious tags. Appellant's operator's license was suspended and he had an active warrant from Stark or Mahoning County. When appellant opened the door, Coffey spotted a marijuana bowl in the door handle. Upon a subsequent inventory search of the vehicle, methamphetamine was found inside a folded dollar bill that appellant stashed in the back seat. Appellant admitted the methamphetamine was his.

{¶4} Appellant was charged by indictment with one count of aggravated drug possession (methamphetamine), a felony of the fifth degree pursuant to R.C. 2925.11(A) and (C)(1)(a).

{¶5} Appellant entered a plea of guilty as charged and the trial court referred the matter for a pre-sentence investigation (P.S.I.). At sentencing, appellant said he moved

to Marion to get away from drugs and was gainfully employed.  He requested supervised community control.

{¶6} In sentencing appellant, the trial court referred to the P.S.I. which noted appellant was at moderate risk to reoffend.  Appellant had multiple prior felony convictions and served three prison terms.  Most significant to the trial court was the fact that appellant was on community control when he committed the instant offense. The trial court therefore found appellant was not a candidate for community control in the instant case and a prison term was appropriate.  The trial court imposed a prison term of 8 months.

{¶7}  Appellant filed a timely appeal and counsel filed an Anders brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967). In *Anders,* the Supreme Court of the United States held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and, (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8}  Appellate counsel's brief lists the following potential assignments of error:

**ASSIGNMENTS OF ERROR**

{¶9} "I. THE TRIAL COURT ERRED WHEN IT DENIED SAULSBERRY'S MOTION FOR COMMUNITY CONTROL."

**ANALYSIS**

{¶10} Appellate counsel has filed a brief pursuant to *Anders,* supra, stating that he can find no potential assignments of error having arguable merit. By entry filed on December 9, 2022, appellant was advised that an *Anders* brief had been filed on his behalf, and he was advised to file his own pro se brief within 60 days of the entry (February 7, 2023).

{¶11} Appellant has not filed a pro se brief and we have not received a responsive brief from appellee.

{¶12} In his sole proposed assignment of error, appellant argues the trial court should have granted appellant's request for community control. We disagree.

{¶13} R.C. 2929.13(B) addresses community control sanctions and applies to appellant's sentence because he pled guilty to a felony of the fifth degree. The relevant portions of that statute state as follows:

(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions **if all of the following apply**:

**(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.**

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

**(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:**

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(v) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(vii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(viii) The offender committed the offense for hire or as part of an organized criminal activity.

**(ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term.**

**(x) The offender committed the offense while under a community control sanction, while on probation, or while**

**released from custody on a bond or personal recognizance.**

(Emphasis added).

{¶14} In the instant case, therefore, the trial court was not required to sentence appellant to a term of community control. While the trial court could have done so, it was within its discretion not to because appellant served multiple prison terms in the past and was on community control at the time he committed the instant offense. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶15} Finding no abuse of discretion in the instant case, we agree with appellate counsel there is no merit to the sole proposed assignment of error.

*No arguably meritorious claims for appeal*

{¶16} In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw

and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶17} Counsel in this matter followed the procedure in *Anders* and we reviewed the merits of appellant's potential assignments of error. Upon our review of the record, we found no error which would warrant a reversal of appellant's convictions or sentence. See, *State v. Mamone*, 2023-Ohio-1167, ¶ 37 (5th Dist.); *State v. Emery*, 2023-Ohio-709, ¶ 21 (5th Dist.).

{¶18} The record discloses no errors prejudicial to appellant's rights in the proceedings in the trial court. We therefore concur with appellate counsel that appellant's appeal is without merit and wholly frivolous. An appeal is wholly frivolous if the record is devoid of any legal points arguable on the merits. *State v. Middaugh*, 2003-Ohio-91, ¶ 13 (5th Dist.).

{¶19} In this case, the requirements in *Anders* have been satisfied. Upon our independent review of the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas. See, *State v. Hill*, 2016-Ohio-1214, ¶ 20 (5th Dist.), appeal not allowed*, 2016-Ohio-7455.

**CONCLUSION**

{¶20} Counsel's motion to withdraw is granted.   The judgment of the Ashland County Court of Common Pleas is affirmed.


By:  Delaney, P.J.,

Wise, J. and

King, J., concur.