[Cite as *State v. White*, 2024-Ohio-6036.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. CT2024-0046 |
| | : | |
| BRIAN WHITE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2024-0010

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      December 26, 2024

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

JOSEPH PALMER                          APRIL F. CAMPBELL
Muskingum Co. Prosecutor's Office      545 Metro Place S., Ste. 100
27 North 5th Street, Suite 201         Dublin, OH 43017
Zanesville, OH 43701

*Delaney, P.J.*

{¶1} Appellant Brian White appeals from the March 21, 2024 Entry of the Muskingum County Court of Common Pleas. Appellee state of Ohio did not appear in the instant appeal.

{¶2} Appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967), asserting she found no potential assignments of error having arguable merit. We have performed our duty under *Anders* to review the record independently, and we also find no potential assignments of error having arguable merit. See, *State v. Adair,* 2023-Ohio-1191, ¶ 20 (5th Dist.).

## FACTS AND PROCEDURAL HISTORY

{¶3} This case arose from appellant's indictment upon seven counts of pandering obscenity involving a minor pursuant to R.C. 2907.321(A)(1), all felonies of the second degree.

{¶4} The Muskingum County Sheriff's Department investigated ten tips that appellant was suspected to be pandering obscenity involving a minor, and discovered multiple images associated with appellant's IP address. An examination of appellant's cell phone revealed 76 images, including one in which a young male was sexually abusing a minor.

{¶5} With assistance of defense trial counsel, appellant entered an agreement with appellee to plead guilty to one count of pandering obscenity involving a minor in exchange for appellee's dismissal of the remaining counts. The parties arrived at a jointly-recommended sentence of 8 years, the maximum potential prison term for a felony of the second degree.

{¶6} Appellant changed his plea to guilty and the trial court entered a colloquy with him: the trial court explained the potential penalties faced by appellant, including the maximum penalty the court could impose and informed appellant of the rights he waived by pleading guilty. Appellant stated he understood the potential penalties he faced by pleading guilty and understood the rights he waived by entering a plea of guilty.

{¶7} Appellant waived the opportunity of a pre-sentence investigation and the trial court proceeded to sentencing that day. Appellant and counsel asked the trial court to impose the maximum sentence of 8 years upon the single count of pandering.

{¶8} The trial court imposed an indefinite sentence of a minimum of 8 years and a maximum of 12 years, determined appellant to be a Tier II sex offender, and advised he was subject to a mandatory 5-year term of post-release control.

{¶9} Appellant filed a timely appeal from the judgment entry of his conviction and sentence and counsel filed an Anders brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967). In *Anders,* the Supreme Court of the United States held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and, (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the

counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶10} Appellate counsel's brief lists the following sole potential assignment of error:

## PROPOSED ASSIGNMENT OF ERROR

{¶11} "THE TRIAL COURT ERRED IN ACCEPTING WHITE'S GUIILTY PLEA UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

## ANALYSIS

{¶1} Appellate counsel has filed a brief pursuant to *Anders,* supra, stating that she can find no potential assignments of error having arguable merit. By entry filed on June 28, 2024, appellant was advised that an *Anders* brief had been filed on his behalf, and he was advised to file his own pro se brief within 60 days of the entry (August 27, 2024).

{¶2} Appellant has not filed a pro se brief and we have not received a responsive brief from appellee.

{¶3} In his sole proposed assignment of error, appellant argues the trial court erred in accepting his guilty plea under Crim.R. 11 and erred in sentencing him. We disagree.

{¶4} Crim.R. 11(C)(2) creates two separate sets of rights that the trial court is required to discuss with a defendant prior to its acceptance of a guilty plea. *State v. Holmes,* 2010–Ohio–428, ¶ 10 (5th Dist.). The first set addresses constitutional rights; the second set addresses non-constitutional rights. *See, e.g., State v. Dunham,* 2012–Ohio–2957, ¶ 11 (5th Dist.) citing *State v. Ballard,* 66 Ohio St.2d 473, 475 (1981), citing

*State v. Stewart,* 51 Ohio St.2d 86 (1977). Ultimately, "the basis of Crim.R. 11 is to assure that the defendant is informed, and thus enable the judge to determine that the defendant understands that his plea waives his constitutional right to a trial. And, within that general purpose is contained the further provision which would inform the defendant of other rights and incidents of a trial." *Ballard*, supra, 66 Ohio St.2d at 480.

{¶5} On appeal, the issue is whether the record demonstrates that the defendant was informed of the relevant constitutional rights and incidents of a trial to warrant the conclusion that he or she understands what a trial is, and that a guilty plea represents a *knowing* and *voluntary* forfeiture of those rights stemming from a trial. *Id.*

{¶6} To conform to the constitutional requirements of Crim.R. 11(C), the trial court must explain to the defendant that he or she is waiving: (1) the Fifth Amendment privilege against self-incrimination; (2) the right to a trial by jury; (3) the right to confront one's accusers; (4) the right to compulsory process of witnesses; and (5) the right to require the state to prove guilt beyond a reasonable doubt. *State v. Singh*, 141 Ohio App.3d 137 (11th Dist. 2000). The court must strictly comply with these requirements, and the failure to strictly comply invalidates a guilty plea.

{¶7} The remaining requirements of Crim.R. 11(C) pertain to non-constitutional rights. Unlike the previously stated constitutional rights, which necessitate strict compliance, non-constitutional rights require that the trial court demonstrate substantial compliance. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). Substantial compliance means "that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero* at 108.

{¶8} In addition, if the trial court fails to substantially comply with Crim.R. 11(C), the defendant must also demonstrate that he or she was prejudiced by this lack of compliance. *State v. Johnson*, 40 Ohio St.3d 130, 134 (1988). See, also, Crim.R. 52(A) and 33(E). The test of prejudice queries whether the plea would have been made despite the trial court's failure to substantially comply with the prerequisites of Crim.R. 11(C).

{¶9} The record before us establishes that the trial court discussed the pandering charge with appellant. Specifically, the court informed appellant of the elements of the offense and the possible penalties that could result from a conviction. Appellant informed the trial court that he understood the charge and the possible penalties. The record further demonstrates that the court notified appellant of the constitutional and non-constitutional rights encompassed by Crim.R. 11(C)(2), and the effect that a guilty plea would have on such rights. Again, appellant told the court that he understood the effect of his guilty plea.

{¶10} Our review of the record of the plea hearing reveals the trial court advised appellant of his constitutional rights, the potential penalty for the offense, and the requirement of post-release control. Further, the trial court inquired as to the voluntariness of appellant's plea of guilty. In short, the trial court complied with Crim.R. 11, and we agree this portion of the potential assignment of error is without merit.

{¶11} Appellant further acknowledges the sentence imposed by the trial court is not clearly and convincingly contrary to law. We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016–Ohio–1002, ¶ 22; *State v. Howell*, 2015–Ohio–4049, ¶ 31 (5th Dist.). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing

court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 2014–Ohio–3177, ¶ 28.

{¶12} Accordingly, this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

{¶13} In the instant case, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶14} Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court. The indefinite sentence of 8 to 12 years was within the statutory framework for a felony of the second degree. Further, the trial court stated in its sentencing entry that it had considered the record, oral statements, and the presentence investigation report, as well as the principles and purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. The sentence is therefore not contrary to law. See, *State v. Royse*, 2018-Ohio-352, ¶ 26 (5th Dist.).

{¶15} Finding no error in either the taking of appellant's guilty plea or imposition of sentence, we agree with appellate counsel there is no merit to the sole proposed assignment of error.

*No arguably meritorious claims for appeal*

{¶16} In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶17} Counsel in this matter followed the procedure in *Anders* and we reviewed the merits of appellant's potential assignment of error. Upon our review of the record, we found no error which would warrant a reversal of appellant's convictions or sentence. See, *State v. Mamone*, 2023-Ohio-1167, ¶ 37 (5th Dist.); *State v. Emery*, 2023-Ohio-709, ¶ 21 (5th Dist.).

{¶18} The record discloses no errors prejudicial to appellant's rights in the proceedings in the trial court. We therefore concur with appellate counsel that appellant's

appeal is without merit and wholly frivolous. An appeal is wholly frivolous if the record is devoid of any legal points arguable on the merits. *State v. Middaugh*, 2003-Ohio-91, ¶ 13 (5th Dist.).

{¶19} In this case, the requirements in *Anders* have been satisfied. Upon our independent review of the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas. See, *State v. Hill*, 2016-Ohio-1214, ¶ 20 (5th Dist.), appeal not allowed, 2016-Ohio-7455.

## CONCLUSION

{¶20} Counsel's motion to withdraw is granted. The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Wise, J. and

King, J., concur.